IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 18 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 3:17cr117 DCB-FKB

CHENG LIN, GUO GUANG LIN,   8 U.S.C. § 1324(a)(1)(A)(iii), (B)(i)
YAN FEI TANG, and   8 U.S.C. § 1324(a)(1)(A)
LIN'S CHINA BUFFET OF   8 U.S.C. § 1324a(a)(2)
MERIDIAN, INC. d/b/a China Buffet II   18 U.S.C. § 1343

The Grand Jury Charges:

## COUNT 1

Beginning in or about March 2013, and continuing through February 22, 2017, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **CHENG LIN, GUO GUANG LIN, YAN FEI TANG and LIN'S CHINA BUFFET OF MERIDIAN, INC., d/b/a China Buffett II**, aided and abetted by one another and others known and unknown to the Grand Jury, knowing and in reckless disregard of the fact that multiple aliens had come to, entered and remained in the United States in violation of law, did unlawfully conceal, harbor and shield from detection such aliens in buildings and other places for the purpose of commercial advantage and private financial gain. Specifically, the defendants engaged in a pattern and practice of employing these aliens, including: M.d.J.A.O., Y.C.L., D.L.V., E.I.A-A., D.A.M., R.C.V., X.W., L.G.V., and others at China Buffet II, transporting the illegal aliens to and from China Buffet II to work, providing company-housing, paying these aliens in cash without maintaining payroll records of the illegal aliens, deducting rental payments from the cash wages paid to the aliens living in company-provided

housing with other illegal aliens who were employed at China Buffet II, failing to withhold and pay federal income taxes on illegal aliens, failing to prepare a Form I-9 for each of the illegal aliens as required by U. S. Department of Homeland Security, and failing to report wages paid to these employees to the Mississippi Employment Security Commission or the Internal Revenue Service, thereby concealing, harboring, and shielding these aliens from detection by the United States Government.

All in violation of Section 1324(a)(1)(A)(iii), and (B)(i), Title 8, United States Code, and Section 2, Title 18, United States Code.

## COUNT 2

Beginning in or around March 2013, through in or around February 22, 2017, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **CHENG LIN, GUO GUANG LIN, YAN FEI TANG and LIN'S CHINA BUFFET OF MERIDIAN, INC., d/b/a China Buffett II**, knowing and unlawfully engaged in a pattern and practice of hiring for employment in the United States aliens that they knew to be unauthorized with respect to such employment. Specifically, the defendants engaged in a pattern and practice of hiring M.d.J.A.O., Y.C.L., D.L.V., E.I.A-A., D.A.M., R.C.V., X.W., L.G.V., and others, knowing such individuals were aliens and were aliens unauthorized with respect to such employment.

All in violation of Section 1324a(a)(1)(A), Title 8, Section 2, Title 18, United States Code.

## COUNT 3

Beginning in or around March 2013, through in and around February 22, 2017, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **CHENG LIN, GUO GUANG LIN, YAN FEI TANG and LIN'S CHINA BUFFET OF MERIDIAN, INC., d/b/a China Buffet II**, aided and abetted by one another and others known and unknown to the Grand Jury, after hiring multiple aliens for employment, knowingly and unlawfully engaged in a pattern and practice of continuing to employ such aliens in the United States knowing that such aliens were unauthorized with respect to such employment. Specifically, the defendants engaged in a pattern and practice of continuing to employ M.d.J.A.O., Y.C.L., D.L.V., E.I.A-A., D.A.M., R.C.V., X.W., L.G.V., and others, knowing such individuals were aliens and were unauthorized with respect to such employment.

All in violation of Section 1324a(a)(2), Title 8, United States Code and Section 2, Title 18, United States Code.

## COUNT 4

Beginning on or about September, 2014, and continuing through the date of this Indictment, in Lauderdale County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **CHENG LIN, GUO GUANG LIN, YAN FEI TANG and LIN'S CHINA BUFFET OF MERIDIAN, INC. d/b/a China Buffett II**, devised and intended to devise a scheme and artifice to defraud the Mississippi Department of Employment Security (MDES) and the United States Department of Labor, and did knowingly use and cause to be used interstate wire communications for the purpose of executing the scheme and attempting to do so.

To accomplish the fraudulent purposes of the scheme, that the defendants would secretly pay illegal alien employees in cash and not report those wages earned by illegal alien employees to the MDES, the Internal Revenue Service or other state or federal government agencies.

It was a part of the scheme and artifice to defraud that the defendants, **CHENG LIN, GUO GUANG LIN, YAN FEI TANG and LIN'S CHINA BUFFET OF MERIDIAN, INC., d/b/a China Buffett II**, aided and abetted by others both known and unknown to the Grand Jury, engaged in and caused various acts and transactions which were designed to and which enabled defendants to defraud the Mississippi Department of Employment Security (MDES) of unemployment tax revenue, by concealing their illegal workforce from detection by MDES and the United States Department of Labor Wage and Hour Division, which resulted in cost savings to the defendants of unemployment insurance benefits for the illegal aliens, and impeded the United States Department of Labor Wage and Hour Division's ability to enforce the Fair Labor Standards Act, and in furtherance thereof did knowingly use and cause to be used interstate wire communications for the purpose of executing the scheme and attempting to do so.

It was further a part of the scheme and artifice to defraud that the defendants would submit false Forms UI-2/3 and other documents for the purpose of concealing the employment of illegal aliens.

It was further a part of the scheme and artifice to defraud that the defendants would submit documents via interstate wire to an accountant in New York to cause the accountant to prepare incomplete Forms UI-2/3 for the defendants in order to conceal the employment of illegal aliens and the failure to pay applicable taxes.

It was further a part of the scheme and artifice to defraud that the defendants would

obtain from the accountant Forms UI-2/3 containing the names and wages of legitimate employees but without the names and wages of illegal alien employees as a result of the incomplete information provided to the accountant.

It was further a part of the scheme and artifice to defraud that on or about April 16, 2017, the defendants submitted a false Form UI-2/3 for the first quarter of 2017 to the MDES falsely stating that the form is true and correct when in fact it was not. The defendants submitted to MDES this Form UI-2/3 Employer's Quarterly Contribution Reports without listing the employment of illegal aliens M.d.J.A.O., Y.C.L., D.L.V., E.I.A-A., D.A.M., R.C.V., X.W., L.G.V., and others.

On or about the dates set forth below, for the purpose of executing the scheme and in furtherance of the scheme, or attempting to do so, the defendants, **CHENG LIN, GUO GUANG LIN, YAN FEI TANG and LIN'S CHINA BUFFET of Meridian, Inc. d/b/a China Buffett II**, aided and abetted by others known and unknown to the Grand Jury, for the purpose of carrying out the scheme to defraud and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire or radio communications in interstate commerce, certain writings, signals or sounds. These transmissions consisted of a facsimile communication sent by interstate wire some time from on or about February, 2017, to April 16, 2017, the exact date and time unknown to the Grand Jury, from China Buffett II in Meridian, Mississippi to New York, New York, a document listing the names and wages of legitimate employees but omitting the names and wages of illegal aliens for the two-week pay period from January 30, 2017 to February 12, 2017.

All in violation of Sections 1343 and 2, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Upon conviction of an offenses set forth in Counts 1, 2, 3 and 4 of this Indictment, the defendants, **CHENG LIN, GUO GUANG LIN, YAN FEI TANG and LIN'S CHINA BUFFET OF MERIDIAN, INC., d/b/a China Buffett II**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(6), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) all conveyances used in the commission of said offenses; all property, real and personal, that constitutes or is derived from proceeds obtained directly or indirectly from the commission of said offenses; and all property, real and personal, that is used or intended to be used to facilitate the commission of said offense, including but not limited to the following:

a. $68,124.00 in United States currency seized on February 22, 2017, from the China Buffet II restaurant located at 2210 N. Frontage road in Meridian, Mississippi;

b. $437,046 in United States currency seized on February 22, 2017, from safe deposit box number 92 at Citizen's National Bank located at 512 22nd Avenue in Meridian, Mississippi;

c. $86,070.00 in United States currency seized on February 22, 2017, from 1108 61st Court, Meridian, Mississippi;

d. The real property located at 3808 North Hills Street in Meridian, Mississippi;

e. The 2007 Ford E-350 van bearing Mississippi tag number 1AQ943 and vehicle identification number 1FBSS31L87DA58040;

f. All funds held in Citizens National Bank account number 102244100, held in the name of Lin's China Buffet of Meridian, Inc.

Additionally, upon conviction of an offense set forth in Counts 1, 2, 3 and 4 of this Indictment, the defendants, **CHENG LIN, GUO GUANG LIN, YAN FEI TANG and LIN'S CHINA BUFFET OF MERIDIAN, INC. d/b/a China Buffett II**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property, real and personal, which constitutes or is derived from proceeds traceable to a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343, or a conspiracy to commit such an offense, including but not limited to the omitting employees from MDES Form UI-2/3 Employer's Quarterly Contribution Reports of illegally alien employees present in the United States in wage reports sent to Mississippi Department Employment Security Commission via Interstate Wire.

If, as a result of an act or omission of a defendant, any property described by this Forfeiture Provision

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

The United States of America intends to seek forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All pursuant to Section 1324(b), Title 8, United States Code; Sections 982(a)(6) and 981(a)(1)(C), Title 18, United States Code; and Section 2461, Title 28, United States Code.

_____
D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand jury on this 18th day of October, 2017.

_____
UNITED STATES DISTRICT JUDGE

8