IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:17-cr-117-DCB-FKB

CHENG LIN, GUO GUANG LIN,
and LIN'S CHINA BUFFET OF
MERIDIAN, INC., d/b/a China Buffet II

## AMENDED AGREED PRELIMINARY ORDER OF FORFEITURE

The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), has moved to amend [ECF No. 95] the agreed preliminary orders of forfeiture previously entered in this case to include a money judgment in the amount of **$106,000** as substitute property for property which has become unavailable as a result of acts and/or omissions of the defendants. *See* Agreed Prelim. Order of Forfeiture, ECF Nos. 69, 71, & 74. In consideration of the motion and the entire record in this matter, the Court finds as follows.

On September 25, 2018, Cheng Lin, Lin's China Buffet of Meridian, Inc., d/b/a China Buffet II, and Guo Guang Lin each pleaded guilty to Count 1 of the Indictment (harboring illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i), and 18 U.S.C. § 2). *See* Indictment, ECF No. 3. The Court entered an agreed preliminary order of forfeiture against Cheng Lin, Lin's China Buffet of Meridian, Inc., d/b/a China Buffet II, and Guo Guang Lin the same day. Agreed Prelim. Order of Forfeiture, ECF Nos. 69, 71, & 74. In their agreed preliminary orders of forfeiture, the defendants agreed to forfeit the following property:

    (1)    $68,124.00 in United States Currency seized on February 22, 2017, from the China Buffet II Restaurant located at 2210 N. Frontage Road, Meridian, MS;

1

(2) $437,046 in United States Currency seized on February 22, 2017, from safe deposit box number XX at Citizen's National Bank located at 512 22nd Avenue, Meridian, MS;

(3) $86,070 in United States Currency seized on February 22, 2017, from 1108 61st Court, Meridian, MS;

(4) $106,000 in United States Currency in lieu of real property located at 3808 North Hills Street, Meridian, MS;

(5) Insurance payment or proceeds relating to the 2007 Ford E-350 van bearing Mississippi tag number 1AQ943 and VIN: 1FBSS31L87DA58040; and

(6) $34,212.94 in funds held in Citizens National Bank Account Number XXXXX4100 held in the name of Lin's China Buffet of Meridian, Inc.

*Id.* The defendants previously agreed—and the Court found—that these assets constitute or are derived, directly or indirectly, as a result of the offenses charged in the Indictment and/or were used, or intended to be used, in any manner or party, to commit, or to facilitate the commission of the offenses charged in the Indictment and/or were involved in the offenses charged in the Indictment, and were therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b), and 28 U.S.C. § 2461. *Id.*

The Court finds that, because of the acts or omissions of the defendants, the sum of money—and the directly forfeitable real property—referenced in asset 4 are unavailable for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p). As a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the United States is entitled to a forfeiture money judgment in the amount of $106,000.

ACCORDINGLY, IT IS HEREBY ORDERED that a forfeiture money judgment in the amount of $106,000 is entered against the defendants Cheng Lin, Lin's China Buffet of Meridian,

Inc., d/b/a China Buffet II, and Guo Guang Lin.

IT IS FURTHER ORDERED that the defendants' agreed preliminary orders of forfeiture be amended to include said forfeiture money judgment in the amount of $106,000 against the defendants;

THAT the United States may conduct any discovery it considers necessary to identify, locate, and dispose of the property subject to forfeiture or substitute assets for such property;

THAT, as the United States identifies substitute assets, it may immediately begin to seize said substitute assets without further order of this Court; and

THAT the value of proceeds from the sale of any substitute assets—less costs (including, but not limited to costs relating to maintenance, storage, sales commissions, and the payoff of any liens owed against the asset) shall be applied to the forfeiture money judgment.

All other provisions in the agreed preliminary orders of forfeiture shall remain in effect.

SO ORDERED AND ADJUDGED this the  23rd  day of April 2019.

s/David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE